## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

PUBLIC GUARDIAN AND        Case No. 24-
TRUSTEE OF GASTON C. DURAN
PROVIDENCE OF ONTARIO AND      Hon.
ALL THOSE SIMILARY SITUATED,

Plaintiff,

v.

COUNTY OF WAYNE,

Defendant.

_____/

Mark L. McAlpine (P35583)
Daniel J. Pifko (P87196)
**MCALPINE PC**
Co-Counsel for Plaintiff
3201 University Drive, Suite 200
Auburn Hills, MI  48326
(248) 373-3700
mlmcalpine@mcalpinepc.com
dpifko@mcalpinepc.com

Scott F. Smith (P28472)
**Smith Law Group, PLLC**
Co-Counsel for Plaintiff
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI  48334
(248) 626-1962
smithsf.law@gmail.com

_____/

## PLAINTIFF'S CLASS ACTION COMPLAINT
## FOR DECLARATORY RELIEF AND DAMAGES

Plaintiff Public Guardian and Trustee of Gaston C. Duran Providence of Ontario, Canada ("Duran") on behalf of himself and all those similarly situated, by and through counsel, and for their Class Action Complaint, state as follows:

## INTRODUCTION

1.     This is a case of governmental abuse that cries out for a remedy, especially in light of *Tyler v. Hennepin Cnty., Minnesota,* 143 S. Ct. 1369 (2023).

2.     Defendant's conduct caused the deprivation of Plaintiff and the putative Class Members of valuable property rights consisting of equity in real property without just compensation.

3.     This abuse stems from the Defendant's property tax foreclosure process. Michigan law generally authorizes counties to foreclose on private properties whose owners have failed to pay all property taxes. Those properties may be sold at auction, and the proceeds used to make municipalities whole for unpaid taxes, as well as reasonable fees and expenses. The current and prior versions of the General Property Tax Act ("GPTA") provide for a right of first refusal by governmental entities. MCL 211.78m(1).

4.     The instant litigation does not challenge the forfeiture and foreclosure of the subject properties. Rather, the instant litigation challenges what occurred after

the properties were forfeited and foreclosed upon, and the deprivation of the Plaintiff and putative Class Members of substantial equity in their properties.

5.     Furthermore, the properties owned by Plaintiff and the putative Class Members had significant equity (i.e., they were worth much more than the amount owed for unpaid taxes, plus reasonable fees, and expenses.)  This excess value ("equity") was not refunded to Plaintiff and putative Class Members. Plaintiff and putative Class Members were permanently deprived of this equity without any compensation.

6.     Plaintiff and the putative Class Members all fell behind in paying their property taxes. Their properties were all forfeited and then foreclosed upon, sometimes without constitutional sufficient notice.

7.     "The act of taking is the event which gives rise to the claim for compensation." *Knick v. Township of Scott* 139 S. Ct. 2162 (2019).

8.     The "taking" occurred when the title absolutely vested in the County, which is the last day of the redemption period.

9.     The equity or surplus value over the amount of taxes, interest and reasonable fees must be returned to the taxpayer*., Tyler v. Hennepin Cty*. 143 S. Ct. 1369 (2023).

10.   As it concerns the "Takings Clause" Wayne County ("Wayne County") is solely responsible for the taking of the Plaintiff's property. *Hall v. Meisner* 51 F.4th 185 (6th Cir. 2022)

11.   Landowners may seek the difference between the fair market value of their homes and the taxes they owe, whether or not the treasurer obtained surplus proceeds at a foreclosure sale. *Hall v. Meisner* 51 F.4th 185 (6th Cir. 2022).

12.   Centuries old principles require that landowners have a property interest in their "equitable title." *Fox v. Saginaw County* 67 F.4th 284, 290 (6th Cir. 2023).

13.   The Michigan Supreme Court in *Rafaeli, LLC v. Oakland Cnty.,* 952 N.W.2d 434 (Mich. 2020) held that a treasurer's failure to return the surplus to the landowner was a "takings clause" violation of the state constitution. (In Accord, *Jackson v. Southfield Neighborhood Revitalization Initiative*, 2023 WL 6164992 (Mich.App., 2023).

14.   *Tyler v. Hennepin Cnty., Minnesota* and *Hall v. Meisner, supra.* read together stand for the principle that the takings clause of the United States Constitution protects equitable interests in real property when obtained in property tax foreclosure.

15.   On December 22, 2020, Michigan signed into law amendments to its tax foreclosure scheme (GPTA) that established different procedures depending on

whether the treasurer transferred or sold property before or after the *Rafaeli* decision of July 17, 2020.

16.    The amended act was based on *Rafaeli* and the now unconstitutional notion that the prior landowners were limited solely by the difference between auction value and the amount owed, not the former owner's equity. *See Hall v. Meisner, at 192.*

17.    Defendant's actions constitute the improper and unconstitutional taking of the property of the Plaintiff and the putative Class Members without just compensation.

18.    To the extent Defendant's actions were permitted under the previous or current version of MCL § 211.78m(8) or § 211.78t(2), those provisions are unconstitutional.

19.    Defendant's actions constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 USC § 1983 and § 1988, unjust enrichment under Michigan law, Plaintiff also seek a declaratory judgment against Defendant for their unlawful actions and a declaration that MCL 211.78m & 211.78t are facially unconstitutional.

20.    As set forth below, Defendant's actions constitute a violation of the Fifth and Fourteenth Amendments of the United States Constitution pursuant to 42 USC § 1983 and § 1988; a violation of Article X, Section 2 of the Michigan

Constitution; an impermissible inverse condemnation and unjust enrichment under Michigan law. Plaintiff also seeks a declaratory judgment and injunctive relief against Defendants for their unlawful actions.

## PARTIES

21.     The Public Guardian and Trustee ("POT") was appointed guardian of the property of Duran pursuant to section 16 of the *Substitute Decisions Act,* 1992 on February 23, 2016, thereby authorizing the POT to act as litigation guardian of Duran as Plaintiff pursuant to Rule 7.02(1.1)(a) of the *Rules of Civil Procedure,* Ontario, Canada. Duran, a protected person, owned real property at 7705 Neckel, City of Dearborn Wayne County, Michigan, by virtue of a deed. **(Exhibit A)**. Duran is a Citizen of the United States who last resided in Dearborn, Michigan.

22.     Defendant County of Wayne ("Wayne") is a legal entity formed and existing under the laws of the State of Michigan and is controlled and/or operated by a duly designated Boards of Commissioners. It is a political subdivision of the State of Michigan which is delegated the responsibility to collect delinquent property taxes. Unless otherwise stated, Wayne acted through the Wayne County Treasurer.

## JURISDICTION AND VENUE

23.     This is a civil action brought seeking unpaid "just compensation" and other monetary damages against Wayne County for violations of the Fifth and Fourteenth Amendments to the United States Constitution.

24.     This court has jurisdiction pursuant to 28 USC § 1331 and § 1331, which authorizes federal courts to decide cases considering federal questions and supplemental jurisdiction.

25.     Plaintiff, both individually and as class representative, seeks damages in excess of $75,000.00.

26.     Venue is proper in this Court as Wayne County is located and conducts business in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

### FORFEITURE AND FORECLOSURE UNDER THE GENERAL PROPERTY TAX ACT

27.     This case stems from the administration of Michigan's GPTA, MCL §§ 211.1-211.157, which is the statutory process enacted for the collection of unpaid and delinquent real property taxes through real property forfeiture and foreclosure.

28.     The matters at the heart of this litigation concern matters *after* the taxation and forfeiture process is completed, and equity remains after counties such as Wayne are paid in full for all delinquent taxes, interest, penalties, and fees.

29.     As used in this Complaint:

a.     "Tax Delinquency" means the past due tax owed on a property plus additional compounding interest, fees, penalties, and costs; and

b.     "Equity" means the amount by which a property's value exceeds its Tax Delinquency.

30.     The GPTA permits the recovery of unpaid real-property taxes, penalties, interest, and fees through foreclosure and sale of the property on which there is a tax delinquency.

31.     Pursuant to the GPTA, a county treasurer may choose to act as the collection agent for the municipality where the property is located when taxpayers become delinquent on their property taxes or, at the election of the county, the State itself may act as the collection agent. MCL § 211.78(8).

32.     Wayne opted to act as the collection agent for Wayne, also known as the Foreclosing Governmental Unit ("FGU"), pursuant to MCL § 211.78(8).

33.     The GPTA requires a county to take certain enumerated steps to collect delinquent property taxes and initiate foreclosure proceedings. After notice and hearing, tax-delinquent properties are forfeited to Wayne. The tax-delinquent properties are then foreclosed after a judicial foreclosure hearing by the Circuit Court, and title to the forfeited property is transferred to the county treasurer. If the property is not timely redeemed by March 31 after the foreclosure, fee simple title is vested absolutely in the county treasurer, without any further redemption rights available to the delinquent taxpayer. MCL § 211.78 *et seq*.

34.     Prior to December 23, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

(1) The state or municipality where the property is located has the right to claim the property in exchange for the payment to the county of unpaid taxes, interest, and other costs (the "minimum bid"); or

(2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October. MCL § 211.78m.

35.     Wayne, through its Treasurer, administered a foreclosure process, such that in most cases, after foreclosed real property was sold (typically for more than the Tax Delinquency), the Treasurer retained the entire amount of the proceeds. At no point did Wayne or anybody with the power to do so, return the equity or otherwise provide just compensation to the former property owners whose equity was taken.

36.     Subsequent to December 22, 2020, if the property was foreclosed after July 17, 2020, once title was vested in the county treasurer, the property was then disposed of as follows:

(1) The state or municipality where the property is located has the right to claim the property in exchange for the payment of the fair market value if a notice of intention was filed or (the "minimum bid") if the notice was not filed; or

(2) If the state or municipality does not exercise their right of first refusal, the property is put up for sale at a public auction the July after foreclosure and, if not sold, again in October. MCL § 211.78m.

(3) If by the first of July following the foreclosure sale, a prior landowner files a notice of intention to claim the "remaining proceeds" and the property is not purchased for fair market value less the minimum bid, if the landowner files the procedure which includes filing a motion in Circuit Court and possibly competing with a mortgagee, the landowner may receive the "remaining proceeds."

37. Landowners who lost their property prior to July 18, 2020, will receive no compensation whatsoever unless the Supreme Court orders that *Rafaeli, LLC Oakland County,* applies retroactively, or the Parties or putative Parties have filled a case prior to the date that has not been finally adjudicated.

### THE CONDUCT AT ISSUE HEREIN REFLECTS COUNTY POLICY

38. The actions described herein are a voluntary policy, custom, and/or practice of Wayne, and/or their final policymaker(s).

39. This voluntary policy and/or practice of Wayne is sufficient to impose damages and other relief pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and its progeny.

40. Specifically, Wayne made the affirmative, voluntary, and discretionary decision to select and designate the county treasurer to function as the FGU. See MCL § 211.78(3)(6).

41. Moreover, Wayne, either through enactment of laws or regulations, official agency or governmental entity policy, and/or actions taken by an official or

officials with final decision-making authority, has administered Wayne's foreclosure and auction process generally, including MCL § 211.78m(8), so that after Wayne sells a parcel at auction, it retains either the entire amount of the proceeds or significantly less than required under the Fifth Amendment of the Constitution of United States. Even if the proceeds exceed the amount of the Tax Delinquency, and rarely returns anything to the property owner, the statutory procedure by which the property owner can secure a return of his, hers, or its "equity" both under the amended statute and pre-*Rafaeli,* is constitutionally defective and must be struck down.

42.    Further, Wayne, either through enactment of laws and regulations, official agency or governmental entity policy, and/or actions taken by an official or officials with final decision-making authority, has administered Wayne's foreclosure process generally, including MCL § 211.78m(8) so that Wayne is able to obtain the equity that should belong to the property owner, without providing any procedural due process enabling the property owner to secure a return of his, hers or its equity.

43.    Accordingly, the actions at issue here were undertaken pursuant to an official county policy for purposes of *Monell*.

44.    The GPTA, and specifically MCL § 211.78m(8) and MCL 211.78t(2), did not require the practices of which the Plaintiff and putative Class Members complain. Rather, the GPTA can be fairly read to provide for equity to be returned to the previous owner of a foreclosed property before the resulting funds are allocated.

45. In the alternative, the GPTA, in particular MCL § 211.78m(8) and MCL 211.78t(2), are inherently unconstitutional: if the act requires Wayne's conduct as set forth herein, then, the Act violates the United States and Michigan Constitutions for all the reasons that Defendant's conduct violates them.

46. The actions of Wayne were designed to cause harm intentionally or wantonly to Plaintiff and the putative Class Members due to the utter disregard of Plaintiff's and the putative Class Members' constitutionally protected rights.

47. On December 23, 2020, Michigan enacted an amendatory act which was meant to be curative of the unconstitutional former sections of the GTPA, specifically, MCL 211.78m and MCL 211.78t(2), which purported to grant Plaintiff and putative Class Members "just compensation" equivalent to fair market value. However, despite all the new developments in decisional law and the so-called curative amendments to GPTA, Plaintiff and the putative Class Members presently have no constitutionally adequate remedy or procedure to receive "just compensation" under Michigan Law. Therefore, the Plaintiff and the putative Class Members look to this Court to provide a remedy under the United States Constitution, federal law, and other applicable law to provide such "just compensation."

## SPECIFIC ALLEGATIONS RELATING TO THE ESTATE

48.     Duran owned certain property ("Property") in City of Dearborn, Wayne County, Michigan, by virtue of a warranty deed recorded on November 9, 1989, a copy of that deed is attached at **Exhibit A** and incorporated here.

49.     The Guardian seeks to recover its equity in the Property after Defendant's foreclosure and sale of the Property to pay delinquent real estate taxes owed by the Estate, by virtue of its ownership of the Property.

50.     After Plaintiff Duran fell behind on his proper taxes, Wayne, through its Treasurer, initiated forfeiture and foreclosure proceedings in 2017 against the property.

51.     As a result of the GPTA procedure, a Judgment of Foreclosure was recorded on August 9, 2017, against Plaintiff which after expiration of the redemption period vested title solely and absolutely in the County of Wayne and its treasurer.

52.     Plaintiff Duran owed approximately $2,831.80 in delinquent property taxes, interest, penalties, and fees ("delinquent property taxes") on the Property. **(Exhibit B)**.

53.     At the time of the foreclosure there were no other liens that encumbered the Property.

54.     Wayne County was the FGU in the Property's tax foreclosure proceeding.

55.    Defendant's Notice of Judgment Foreclosure dated March 29, 2017, was recorded on August 9, 2017.

56.    The property was conveyed by Wayne County by Quit Claim Deed to the City of Dearborn on August 21,2017 for a stated Consideration of $2,831,80. **(Exhibit B)**.

57.    At the time of the entry of the Judgment of Foreclosure by land, there was not any constitutionally sufficient notice constructive or otherwise provided to the landowner or his legal successors.

58.    By virtue of that Judgment of Foreclosure, Defendant seized ownership of the Property, transferring the Property to Wayne County for the delinquent taxes.

59.    Before that event, Plaintiff held legal and equitable title in the Property; after that event, Plaintiff held no title to the Property at all. *Hall v. Meisner, et al.*, 51 F. 4th 185, 196 (6th Cir. 2022).

60.    On December 14, 2018, the City of Dearborn, a Michigan Municipal Corporation transferred the Property to Alawadhi Hagara ("New Owner") for $50,000.00. A copy of Defendant's deed to the New Owner is attached at **Exhibit C** and incorporated herein.

61.    Defendant wrongfully took Plaintiff's equity and/or surplus in the Property when it transferred Plaintiff's Property to the New Owner.

14

62.     Plaintiff's Guardian and Trustee discovered that a tax foreclosure judgment and sale had occurred that divested Duran, a protected person of the equity in his real estate.

63.     Defendant has refused to return any of the equity to the Plaintiff.

64.     The statute of limitations was tolled because of prior class actions filed concerning the unconstitutional property tax foreclosure that relates to the Estate of Duran and others similarly situated persons.

## CLASS ALLEGATIONS

65.     This action is brought by Plaintiff and pursuant to FED. R. CIV. P. 23 on behalf of the owners of real property in Wayne County during the relevant statutorily-limited time period, who were subject to the unconstitutional process which resulted in the taking and/or unconstitutional forfeiture of their equity, but excluding those who have separately filed their own personal post-forfeiture legal actions in state or federal courts.

66.     The proposed class consists of all persons and entities that owned real property in Wayne County whose real property, during the relevant time period, was seized through a real property tax foreclosure and subsequently purchased via a local municipality's right of first refusal program (MCL 211.78m), which was worth more than the total tax delinquency taxes owed and were not refunded the surplus equity in excess of the delinquent tax amount.

67.     The number of persons who have been injured by the practices discussed herein is sufficiently numerous to make class action the most practical method to secure redress for the injuries sustained and to provide class wide equitable relief.

68.     Plaintiff's claims are common to, and typical of, those raised by the putative Class Members they seek to represent, including:

a.     Whether Wayne has been voluntarily exercising discretion to administer MCL § 211.78 in an unconstitutional or otherwise illegal manner, or whether Wayne has been acting to voluntarily enforce an unconstitutional statute which it has willingly assumed to undertake via MCL § 211.78;

b.     Whether each putative Class Members' property, prior to foreclosure, was worth more than the total Tax Delinquency owed to Wayne;

c.     Whether each putative Class Members' property had equity greater than the Tax Delinquency owed to Wayne;

d.     Whether Defendant deprived Class Members of equity without just compensation after foreclosing on their property;

e.     Whether Defendant kept the remaining equity for its benefit or other governmental entities failed to any form of condemnation proceedings or caused the loss of equity through their actions;

f.     Whether Defendant failed to pay just compensation or failed to have or undertake a process to return the equity;

g.     Whether Plaintiff is entitled to other Constitutional Tort damages under current state and/or federal law precedent;

h.     Whether the short period to file a Notice of Claim is unreasonable and harsh producing a de facto extinguishment of the Plaintiff's and the putative Classes' constitutional right of not being deprived of their equity without just compensation; and

16

    i.    Whether the use of tax assessments and other formulaic valuation data should be utilized to provide the protections and rights provided by the federal and state constitutions.

69.    There are clear questions of law raised by the named Plaintiff's claims common to, and typical of, those raised by the putative Class Members they seek to represent, including:

    a.    Whether MCL § 211.78 prohibits Defendant from returning equity to Class Members;

    b.    Whether MCL § 211.78m does contain such a prohibition, and if so, whether the statute is facially unconstitutional;

    c.    Whether the decision in *Rafael*i or *Jackson* (and soon *Schafer v. Kent County*) applies retroactively;

    d.    Whether the revisions to MCL § 211.78 apply to the actions of Defendant as set forth herein;

    e.    Whether MCL § 211.78t is facially unconstitutional;

    f.    Whether MCL § 211.78t is unconstitutional as applied;

    g.    Whether the GPTA is unconstitutional either facially or applied to the putative Class Members;

    h.    Whether the Defendant has committed an unconstitutional taking by refusing to pay just compensation when seizing equity beyond the Tax Delinquency, and have appropriated property in the form of equity without the payment of just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Article X, Section 2 of the Michigan Constitution;

    i.    Whether the Defendant committed an inverse condemnation by destroying equity via the seizure process and/or the later selling the property, and then retaining the equity;

    j.    Whether the putative Class Members had a protected property interest in their property's equity and is it limited by auction price;

k.  Whether the Defendant deprived the putative Class Members of any opportunity to seek the return of their equity after foreclosure so as to deprive the putative Class Members of their procedural due process rights;

l.  Whether the Defendant acted arbitrarily and capriciously, and/or in a manner that shocks the conscience, in seizing the putative Class Members' equity; and

m.  Whether the Defendant has been unjustly enriched by their retention of putative Class Members' equity.

70.  The violations of law and resulting harm alleged by the named Plaintiff are typical of the legal violations and harm suffered by all putative Class Members.

71.  Plaintiff, if appointed as Class representative, will fairly and adequately protect the interests of the putative Class Members, and will vigorously prosecute the suit on behalf of the putative Class; and is represented by experienced counsel.

72.  The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of justice, preventing possible inconsistent or varying adjudications with respect to putative Class Members and/or Wayne.

73.  Defendant has acted, failed to act, and/or is continuing to act on grounds against Plaintiff and all putative Class Members in the same manner.

74.  The violations of law and resulting harm alleged by the named Plaintiff are typical of the legal violations and harm suffered by all putative Class Members.

75.  The maintenance of the action as a class action will be superior to other available methods of adjudication and will promote the convenient administration of

18

justice, preventing possible inconsistent or varying adjudications with respect to individual putative Class Members and/or Wayne.

**COUNT I**
**TAKING WITHOUT JUST COMPENSATION**
**IN VIOLATION OF FIFTH AND FOURTEENTH AMENDMENTS**
**AND /OR VIA 42 USC § 1983 AND § 1988**

76.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

77.     This claim is for an improper taking without just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution is being made against Wayne pursuant to 42 USC § 1983 and § 1988.

78.     The Fifth Amendment, made applicable to the states via the Fourteenth Amendment, is a constitutional provision and right requiring the payment of just compensation upon a taking by Wayne.

79.     Wayne, in violation of 42 USC § 1983, has taken Plaintiff's and the putative Class Members' property interests in the form of equity or surplus proceeds and has confiscated the properties for public use without the payment of just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution.

80.     Wayne has refused to take any action for the payments of just compensation for its seizures of equity from the Plaintiff and putative Class Members.

81.     By its refusal to take any action for the payment of just compensation at the time of the taking, Wayne has deprived Plaintiff and the putative Class Members of their constitutional right to just compensation in violation of the Fifth and Fourteenth Amendments of the United States Constitution. Such a violation may be remedied either directly pursuant to the Fourteenth Amendment or pursuant to 42 USC § 1983 and § 1988.

82.     Wayne has not paid just compensation.

83.     Wayne refuses to pay just compensation.

84.     Wayne's actions were designed or have otherwise caused harm intentionally or wantonly to Plaintiff and the putative Class Members due to the utter disregard of Plaintiff's and the putative Class Members' constitutionally protected rights.

85.     Plaintiff and the putative Class Members have been injured and have suffered damages.

**COUNT II**
**INVERSE CONDEMNATION AND /OR TAKING IN**
**VIOLATION OF THE MICHIGAN CONSTITUTION, ARTICLE X,**
**SECTION 2**

86.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

87.     Defendant has taken Plaintiff's and the putative Class Members' property interests in the form of equity and/or surplus proceeds and has appropriated

20

property for public use or unjust enrichment without the payment of just compensation.

88.    Defendant has done so without using any statutory condemnation process, including those outlined under the Uniform Condemnation Procedures Act, MCL § 213.51, et seq., and in violation of Article X, Section 2 of the Michigan Constitution.

89.    The actions of the Defendant caused an unjust taking of Plaintiff's and putative Class Members' entire equity in their property.

90.    As a direct and proximate result of Defendant's unconstitutional taking of Plaintiff's properties, Plaintiff and putative Class Members have experienced substantial loss of value and ordinary use and enjoyment of their properties.

91.    The injury to the Plaintiff and putative Class Member property owners is unique or special because this group of Plaintiffs had substantial equity in their property.

92.    Defendant has not and will not provide Plaintiff and the putative Class Members any opportunity to claim their equity after the seizure and/or later sale of their respective properties, nor did Defendant provide or have a constitutionally sufficient procedure to claim just compensation at the time the Defendant seized title to their property interests.

93.    Defendant has not paid just compensation. Plaintiff has not received just compensation.

94.    Defendant did not have, allow, or give a reasonable opportunity to claim or be heard after the property tax foreclosure or later sale if applicable.

95.    Defendant does not nor did they have a constitutional procedure for Plaintiff and Class Members to receive the equity or the embodiment of the equity i.e., surplus proceeds from a fair, arms -length public action.

96.    Defendant's actions were designed to cause harm intentionally or wantonly to Plaintiff and the putative Class Members due to its calculated disregard of Plaintiff's and the putative Class Members' constitutionally protected rights.

97.    The Plaintiff and putative Class Members whose equity and/or surplus was taken are entitled to compensation under Article X, Section 2 of the Michigan Constitution.

98.    Plaintiff and the putative Class Members have been injured and have suffered damages.

**COUNT III**
**VIOLATION OF PROCEDURAL DUE PROCESS**
**42 USC § 1983 AND § 1988**

99.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

100.   The Fourteenth Amendment guarantees procedural due process to Plaintiff and the putative Class Members.

101.   Plaintiff and the putative Class Members have a constitutionally protected property interest in the equity of their respective properties.

102.   Plaintiff's Constitutional right of not having his property taken without just compensation is a self-executing right stemming from the Bill of Rights and the Michigan Constitution.

103.   The previous version of the GPTA failed to provide for any procedure, such as notice, an opportunity to be heard, or a claims process for Plaintiff and the putative Class Members to secure the return of their surplus value or equity after their properties' sale or transfer.

104.   In the Amended version of the GPTA, specifically MCL 211.78m and MCL 211.78t, there is a 3 month "notice of claim" requirement.

105.   The 3 month "Notice of Claim" requirement is unreasonable when such a fundamental and core right granted by the federal and state constitution is involved.

106.   The "Notice of Intention" requirement pursuant to MCL 211.78t being strictly enforced concerning the Plaintiff's "takings claim" would effectively divest Plaintiff of the access to the Courts intended by the grant of the substantive right. *Curtin v Dep't of State Hwys*, 127 Mich App 160, 163; 339 NW2d 7 (1983) (citation omitted); *Mays v. Governor of Michigan* 506 Mich 157 (2020.)

107.   The 3 month "Notice of Intention" requirement would invoke the "harsh and unreasonable in the consequences doctrine" pertaining to self-executing constitutional provisions which would curtail and unduly burden the Plaintiff's pursuit of their protected claims.

108.   MCL 211.78t is unconstitutional based on the above recited principles.

109.   Wayne has denied Plaintiff and the putative Class Members these rights by failing to provide any constitutionally reasonable or adequate procedure at all for Plaintiff and the putative Class Members to secure the return of their equity after their properties' sale or transfer.

110.   MCL 211.78t makes no provision for taxpayers who have infirmities mentally, physically, cognitively or the heirs or beneficiaries who are deceased.

111.   As a direct and proximate result of Wayne's failure to provide adequate procedural due process, Plaintiff and the putative Class Members have been injured and have suffered damages.

112.   Neither Plaintiff nor any putative Class Members have an adequate remedy at law except as set forth in this Complaint.

**COUNT IV**
**UNJUST ENRICHMENT**

113.   Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

114.    Wayne has received the benefit of substantial equity from Plaintiff and the putative Class Members.

115.    Under these circumstances, it would be inequitable for Wayne to retain the equity which they have received from Plaintiff and the putative Class Members.

**COUNT V**
**VIOLATION OF EIGHTH AMENDMENT**
**42 USC § 1983**

116.     Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

117.    The Eighth Amendment to the Constitution prohibits the government from imposing excessive funds and penalties as applied to forfeitures.

118.    The Eighth Amendment is applied to the states via the Fourteenth Amendment of the United States Constitution.

119.    In *Tyler v. Hennepin*, *supra* two Justices wrote Opinions that the Eighth Amendment prevents the type of conduct that occurred in this case. The other Justices did not feel the Court needed to reach the issue in light of the reversal mandated by *Tyler.*

120.    By retaining property or surplus, which is the embodiment of the equity, the Plaintiff and Class Members' Eighth Amendment Rights have been violated.

25

121.    Wayne's failure to return the equity or surplus after the tax foreclosure of the properties is excessive and punitive and violates the Eighth Amendment to the Constitution.

122.    Plaintiff and Class Members have been injured and suffered damages.

123.    Plaintiff and putative Class Members seek money damages pursuant to 42 USC §1983 and §1988.

## COUNT VI
## DECLARATORY RELIEF

124.    Plaintiff repeats, re-alleges and incorporates herein by reference all prior paragraphs.

125.    An actual controversy exists between Plaintiff and putative Class Members and Defendant regarding the administration of the GPTA tax foreclosure.

126.    Plaintiff and putative Class Members are entitled to a declaration that the failure of the GPTA and Michigan law provide delinquent taxpayers a basis for and a method to recover the equity in their homes after they are taken is a violation of their rights to just compensation and equal protection.

127.    Plaintiff and putative Class Members are entitled to declaratory judgment that Wayne cannot exercise its right of first refusal without paying fair-market value for the property and reimbursing the property owners for their equity above any Tax Delinquency owed.

128.    Plaintiff and putative Class Members seek a declaratory judgment that Wayne cannot treat property owners who faced tax foreclosure in 2021, more favorably than the similarly situated property owners who were foreclosed in earlier years before recent changes to MCL 211.78m.

129.    Plaintiff and Class Members seek a declaratory judgment that MCL 211.78m and MCL 211.78t are facially unconstitutional.

130.    Plaintiff and Putative Class members will provide a copy of this lawsuit upon the Attorney General of the State of Michigan.

## **RELIEF REQUESTED**

Wherefore, Plaintiff and the putative Class Members respectfully that this Court:

a.    Enter an order certifying this case as a class action;

b.    Enter an order declaring the conduct of Defendant as unconstitutional under the United States and Michigan Constitutions;

c.    Enter an order that MCL 211.78m and MCL 211.78t are facially unconstitutional;

d.    Enter an order for an award of full compensatory damages for those injuries and damages sustained by Plaintiff and putative Class Members, including disgorgement of equity for each respective property;

e.    Enter an order for additional damages and/or compensation to reach an amount equaling 125% of the properties fair market value if this Court determines that private property consisting of an individual's equity was taken for public use pursuant to Article X, Section 2 of the Michigan Constitution;

27

f.   Enter and order for damages pursuant to 42 USC §§ 1983 and 1988;

g.   Enter an order for an award of interest as provided for in *Knick v. Twp. of Scott* and/or as provided for under the laws of the State of Michigan;

h.   Enter an order for an award of reasonable attorneys' fees and litigation expenses pursuant to 42 USC § 1988, and any and all other applicable laws, rules, and statutes;

i.   Enter an award for exemplary and punitive damages;

j.    Enter an order for any and all damages /and or compensation as is deemed proper under state and federal law including damages for constitutional torts;

k.   Enter an order for declaratory judgment that Defendant's conduct is unlawful under the GPTA;

l.   Enter an order inviting the Attorney General of Michigan to intervene, as the Plaintiff seek to declare MCL 211.78m & MCL 211.78t unconstitutional, and if the Court deems it necessary certify the question to the Supreme Court of Michigan;

m.   Enter an order inviting the Attorney General of Michigan to intervene, as the Plaintiff se to declare that the 2021 revisions to the GPTA are retroactive, and if the Court deems such necessary, to certify the question to the Michigan Supreme Court; and

n.   Enter an order for all other such legal and equitable relief that this Court deems proper and just.

## **JURY DEMAND**

For all triable issues, a jury is hereby demanded.

Respectfully submitted,

*/s/ Scott F. Smith*
Scott F. Smith (P28472)
Smith Law Group, PLLC
30833 Northwestern Hwy, Suite 200
Farmington Hills, MI 48334
(248) 626-1962
Co-Counsel for Plaintiff

*/s/ Mark L. McAlpine*
Mark L. McAlpine (P35583)
McAlpine PC
3201 University Drive, Suite 200
Auburn Hills, MI 48326
(248) 373-3700
Co-Counsel for Plaintiff